RECEIVED
IN MONROE, LA
JAN 0 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC, ET AL. | CIVIL ACTION NO. 07-1279 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DELILAH LANDERS, AKA DELILAH HAMPTON, AKA DELILAH RUSSEL | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is an Application for Default Judgment [Doc. No. 9] filed by Plaintiffs UMG Recordings, Inc.; Sony BMG Music Entertainment; Arista Records LLC; and BMG Music ("BMG") against Defendant Delilah Landers ("Landers"). BMG argues that the Court should enter default judgment because Landers defaulted when she failed to timely file her Answer to BMG's complaint.

For the following reasons, the November 19, 2007 Entry of Default [Doc. No. 8] is set aside and BMG's Application for Entry of Default Judgment [Doc. No. 9] is DENIED as MOOT.

### I. FACTS AND PROCEDURAL HISTORY

On August 7, 2007, BMG filed the Complaint alleging that Landers, without BMG's permission or consent, acquired and distributed 6 copyrighted sound recordings in violation of the Copyright Act, 17 U.S.C. § 101, et seq. Landers was personally served with the Summons and Complaint on August 16, 2007. [Doc. No. 7-2, Exh. 2]. Landers's Answer was due twenty days later, on September 6, 2007. On November 11, 2007, about two months after Landers's Answer was due, BMG moved for an Entry of Default. The Clerk of Court entered default on November 19 and informed BMG that it could move for default judgment ten days thereafter. [Doc. No. 8]. On

November 30, 2007, BMG filed the instant Application for Entry of Default Judgment [Doc. No. 9] and the Application was referred to Robert Shemwell, Clerk of Court. On December 7, 2007, before the Application was ruled upon, Landers filed her Answer to BMG's Complaint. [Doc. No. 10].

## II.  LAW AND ANALYSIS

Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). The entry of a default judgment is within the "sound discretion of the Court and is not a matter of right, notwithstanding the entry of a decree of default." Mutual Fire, Marine and Inland Ins. Co. of Philadelphia v. Amer. Oil & Gas, Inc., 1986 WL 14169 at *1 (S.D. Tex. Dec. 5, 1986) (citing Flask v. Little River Marine Construction Co., Inc., 389 F.2d 885, 887 (5th Cir. 1968) (other citations omitted)). Under Federal Rule of Civil Procedure 55(c), Courts may sua sponte set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Mitchell v. Central Bank & Trust, 49 F.3d 728, 1995 WL 103356, *2 (5th Cir. 1995)(sua sponte setting aside an entry of default because court was without subject matter jurisdiction); Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1267 (11th Cir. 2003) (holding that a non-final entry of default can be set aside for good cause). To determine whether good cause to set aside a default exists – a decision necessarily informed by equitable principles – courts may consider (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. Lacy, 227 F.3d at 292 (quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183-84 (5th Cir. 1992). "Other factors may also be considered, including whether the defendant acted expeditiously to correct the default." Id. (internal quotations omitted).

In this case, the Court has good cause to set aside the November 16, 2007 entry of default.

2

The Defendant is pro se and promptly corrected the default by filing her Answer less than twenty days after the Entry of Default. Furthermore, her Answer was more than a blanket denial of the allegations in the Complaint. Landers admitted to one allegation, specifically denied many, and claimed insufficient knowledge as to some. Finally, there is no evidence that Landers's delay was intentional, nor is there evidence that BMG will be prejudiced by Landers's brief delay.[1]

### III. CONCLUSION

For the following reasons, the November 19, 2007 Entry of Default [Doc. No. 8] is set aside and BMG's Application for Entry of Default Judgment [Doc. No. 9] is DENIED as MOOT.

MONROE, LOUISIANA, this 4 day of January, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] In this lawsuit BMG argues that Landers is sharing electronic music files in violation of copyright laws. BMG might argue that Landers's delay provided her with additional time to destroy the electronic files, thus making it harder for BMG to prevail in this case. However, if Landers was going to destroy electronic files, she could have done so within the normal delay.

3